```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                        ATHENS DIVISION
```

HENRY CAMPBELL,                      *

    Plaintiff,                   *

vs.                                  *
                                                       CASE NO. 3:11-CV-83

ASSURANCE COMPANY OF AMERICA,        *
d/b/a Zurich North America,
                                        *

    Defendant.
                                         *

O R D E R

Plaintiff Henry Campbell is represented by attorney Reid Sanders ("Sanders"). Due to Sanders's failure to understand basic procedures of the federal court system and his lack of diligence in this case, Sanders did not seek admission to this Court until approximately nine months after this action was transferred here. Moreover, nearly all of the notifications of electronic filing in this case were sent to Sanders's defunct email address. Therefore, Sanders did not see any notifications of electronic filing from the Court and failed to comply with two Court orders. As a result, the Court dismissed Plaintiff's action for failure to prosecute. Now that Sanders has finally discovered that his client's case has been dismissed, Sanders seeks mercy and asks the Court to set aside the judgment. The Court concludes that under the peculiar circumstances of this case, which was dismissed without actual notice to Plaintiff or

his counsel due to the neglect of Plaintiff's counsel, the Court should set aside the judgment and dismiss this case without prejudice.  Accordingly, and for the reasons set forth below, Plaintiff's Motion to Set Aside the Judgment (ECF No. 19) is granted; however, Plaintiff's Complaint shall remain dismissed but without prejudice.

BACKGROUND

Plaintiff filed this action in the Superior Court of Greene County, Georgia.  Notice of Removal Attach. 1 at 2-3, Compl., ECF No. 1-1 at 2-3.  Defendant Assurance Company of America ("Assurance") removed the action to the United States District Court for the Southern District of Georgia, *see generally* Notice of Removal, ECF No. 1, but then realized that the action should have been removed to this Court and filed a motion to transfer venue, *see* Mot. to Transfer Venue, ECF No. 7.  The action was transferred to this Court on June 15, 2011.  Order, June 15 2011, ECF No. 8.  At that time, Sanders was not admitted to practice in this Court.

On June 16, 2011, the Court's attorney admissions clerk sent an email regarding attorney admission requirements to Sanders at the email address he listed in the Georgia Bar Directory.  Docket Entry, June 16, 2011.  The Court's attorney admissions clerk again emailed Sanders on July 27, 2011 regarding the Court's requirement to register for the Court's electronic filing system,

2

CM/ECF.  Docket Entry, July 27, 2011.  The Court's attorney admissions clerk also emailed Sanders on September 12, 2011 regarding the Court's attorney admissions requirements, and notice regarding the email was sent via CM/ECF to Assurance's counsel and to Sanders at reidsanders@yahoo.com.  NEF Report for Sept. 12, 2011 Docket Entry.  Sanders never responded to any of these emails.

Before the case was transferred to this Court, Assurance filed a Motion for More Definite Statement.  Mot. for More Definite Statement, ECF No. 6.  Plaintiff did not respond to the motion by the response deadline and did not respond before the action was transferred to this Court.[1]  In the Scheduling/Discovery Order, the Court ordered Plaintiff to respond to the motion for more definite statement by September 26, 2011.  Scheduling/Disc. Order 10, ECF No. 16.  Notice of the Scheduling/Discovery Order was electronically mailed to Sanders at reidsanders@yahoo.com.  NEF Report for Scheduling/Disc. Order, Sept. 12, 2011.  The Court observes that Sanders was on notice that the Court issued a Rules 16/26 Order requiring the parties to confer and develop a proposed Scheduling/Discovery order, and Sanders conferred with Assurance's counsel on the proposed order.

---

[1] Sanders contends that a motion for more definite statement does not require a response in the United States District Court for the Southern District of Georgia.  Sanders pointed to no authority in support of this assertion.  Normally, a "party opposing a motion shall serve and file a response" within a certain number of days after service of the motion.  S.D. Ga. R. 7.5; *accord* M.D. Ga. R. 7.2.

Pl.'s Br. in Supp. of Rule 60 Mot. Ex. 2, Email from L. Murtha to R. Sanders (Sept. 7, 2011), ECF No. 21-2. Nonetheless, Sanders contends that he was unaware that the Court actually issued the Scheduling/Discovery Order.

On October 5, 2011, the Court issued an order granting Assurance's Motion for More Definite Statement and stated that failure to file an appropriate amended complaint by October 19, 2011 "shall result in dismissal of this action." Text Only Order, Oct. 5, 2011. Notice of the order was electronically mailed to Sanders at reidsanders@yahoo.com. NEF Report for Text Only Order, Oct. 5, 2011. No amended complaint was ever filed, and the Court dismissed the action for failure to prosecute on December 5, 2011. Order, Dec. 5, 2011, ECF No. 17. Notice of the dismissal Order was electronically mailed to Sanders at reidsanders@yahoo.com. NEF Report for Dismissal Order, Dec. 5, 2011. The clerk entered judgment against Plaintiff on December 5, 2011. Judgment, Dec. 5, 2011, ECF No. 18. Notice of the Judgment was electronically mailed to Sanders at reidsanders@yahoo.com. NEF Report for Judgment, Dec. 5, 2011.

At some point in 2012, Sanders "began to worry that there was a problem" because he had not received any notifications from the Court regarding this action. Pl.'s Rule 60 Mot. ¶ 13, ECF No. 19. At that time, Sanders accessed the Court's electronic filing system and learned that the action had been dismissed for

4

failure to prosecute. *Id.* Sanders discovered that the Court's emails had gone to an email account he no longer uses (reidsanders@yahoo.com) instead of one of the two accounts he presently uses in his law practice. *Id.* ¶¶ 5, 9. On March 14, 2012, Sanders filed the Motion to Set Aside the Judgment, admitting that his neglect caused the dismissal of Plaintiff's action. *Id.* ¶ 14.

## DISCUSSION

Under Federal Rule of Civil Procedure 41(b), a defendant may move to dismiss the action if "the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). "Dismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances." *Au v. Yulin Ma (In re Yulin Ma)*, 346 F. App'x 436, 437-38 (11th Cir. 2009) (per curiam). Dismissal with prejudice is generally only appropriate where there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Id.* at 438.

In this case, Plaintiff failed to comply with two separate orders of the Court. First, Plaintiff failed to comply with the Court's Scheduling/Discovery Order, which ordered Plaintiff to file a response to Assurance's motion for more definite statement. Scheduling/Disc. Order 10, ECF No. 16. When Plaintiff failed to comply, the Court provided him with another

5

opportunity and ordered Plaintiff to file an amended complaint. Furthermore, the Court warned Plaintiff that failure to file an appropriate amended complaint by the deadline "shall result in dismissal of this action." Text Only Order, Oct. 5, 2011. When Plaintiff failed to comply with that Order, the Court implicitly concluded that Plaintiff was willfully ignoring its orders and that no lesser sanction would suffice. Now, however, it is clear that Plaintiff was not willfully ignoring the Court's orders; rather, Plaintiff did not respond due to his counsel's neglect. For this reason, the Court cannot find that Plaintiff engaged in a clear record of willful conduct, and the Court concludes that it should set aside the Rule 41(b) dismissal. *See, e.g., Rhino Cellular, Inc. v. Greenberg (In re Greenberg)*, No. 06-10328, 2006 WL 1594202, at *4 (11th Cir. June 9, 2006) (per curiam) (finding abuse of discretion where district court denied Rule 60(b)(1) motion to set aside Rule 41(b) dismissal because "careless legal representation" did not "warrant the drastic remedy of dismissal with prejudice"); *see also Carter ex rel. Carter v. United States*, 780 F.2d 925, 928-29 (11th Cir. 1986) (per curiam) (finding that denial of Rule 60(b)(1) motion to set aside Rule 41(b) dismissal was an abuse of discretion because the district court imposed the dismissal without warning to the plaintiffs and plaintiffs pointed to evidence that diminished the egregiousness

6

of their conduct). Therefore, Plaintiff's Motion to Set Aside the Judgment is granted.[2]

## CONCLUSION

As discussed above, Plaintiff's Motion to Set Aside the Judgment (ECF No. 19) is granted. The Court does find, however, that Plaintiff's Complaint should be dismissed without prejudice for failure to prosecute. Accordingly, this action shall remain dismissed, except Plaintiff shall have the right to re-file it consistent with the applicable law. If this action returns to this Court, Plaintiff and his counsel will be expected to comply fully with all of the rules of this Court. Failure to do so could result in the action being dismissed with prejudice.

IT IS SO ORDERED, this 1st day of May, 2012.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE

---

[2] This conclusion is not meant to minimize the serious nature of Sanders's failings here. Sanders should have known that he needed to seek admission to this Court so that he could appear in this case and receive notifications regarding case filings. Sanders should have reviewed the Court's local rules and procedures. Sanders should have kept his address information current in the Georgia Bar directory and should have included a correct email address in his court filings. Sanders should have known better than to assume that he would receive NEFs from this Court based on his registration in the Southern District's electronic filing system. And Sanders should have had a clue that he was not receiving notices of electronic filing in this case at least by the time of his Rules 16/26 conference with opposing counsel.